UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SAUNE G. EMORY, | ) | Case No. CV 16-1103 JC |
| Petitioner, | ) ) | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITH PREJUDICE |
| v. | ) ) | |
| WARDEN NUNIZ, | ) ) | |
| Respondent. | ) ) | |

**I.   SUMMARY**

On February 11, 2016, petitioner Saune G. Emory ("petitioner"), a state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") by placing it in a United States Mail deposit box at the correctional institution at which he was then confined.[1] Petitioner, who was convicted of violating California Penal Code section 459 (burglary) in Los Angeles County Superior Court following a jury trial, claims: (1) the prosecutor committed misconduct in her opening statement by making numerous references to gang evidence for which she offered no proof at trial; (2) petitioner's trial counsel was constitutionally ineffective because he failed to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

move for a mistrial based upon the foregoing prosecutorial misconduct; and (3) the trial court's jury instructions unfairly shifted the burden of proof and denied petitioner his constitutional rights to a jury trial and due process. (Petition at 5-6).

On April 12, 2016, respondent filed a Motion to Dismiss the Petition ("Motion to Dismiss" or "MTD") arguing, among other things, that the Petition is time-barred. (MTD at 3-4). Respondent concurrently lodged multiple documents ("Lodged Doc."). Petitioner did not file a response to the Motion to Dismiss and the deadline to do so has long since expired.

Both parties have consented to having a United States Magistrate Judge conduct all proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment. (Docket Nos. 2, 11, 14).

Based on the record and the applicable law, the Motion to Dismiss is granted and the Petition and this action are dismissed with prejudice because petitioner's claims are time-barred.

## II. PROCEDURAL HISTORY

On February 15, 2013, in Los Angeles County Superior Court ("Superior Court") Case No. BA395791, a jury convicted petitioner of first degree residential burglary. (Lodged Doc. 1). On September 20, 2013, the Superior Court sentenced petitioner to seventeen (17) years in state prison. (Lodged Doc. 1).

On August 14, 2014, in Case No. B251821, the California Court of Appeal, Second Appellate District, affirmed the judgment in a reasoned decision. (Lodged Doc. 5). On November 12, 2014, in Case No. S221548, the California Supreme Court denied review. (Lodged Doc. 9). The record does not reflect that petitioner sought further direct review in the United States Supreme Court. Petitioner did not file any habeas petitions in state court. (Petition at 3). The record does not reflect that petitioner otherwise sought collateral relief in state court.

As noted above, petitioner constructively filed the instant federal Petition on February 11, 2016.

## III. DISCUSSION

For the reasons explained below, all of petitioner's claims are barred by the governing statute of limitations, rendering the Petition and this action subject to dismissal with prejudice.

### A. Accrual of the Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a one-year statute of limitations exists for the filing of federal habeas petitions by persons in state custody. See 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

The Court must evaluate the commencement of the limitations period on a claim-by-claim basis. Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). In this case, it appears that the statute of limitations on all of petitioner's claims ran from the date on which the judgment in petitioner's case became final on direct review.

Petitioner's conviction became final on February 10, 2015 – ninety days after the California Supreme Court denied review on direct appeal (on November 12, 2015) – when the time to file a petition for a writ of certiorari with the United

States Supreme Court expired.  See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) ("direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to this Court, has been exhausted") (internal citations omitted); Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) (period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1)(A) includes the 90-day period during which the state prisoner can seek a writ of certiorari from the United States Supreme Court) (citing Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999)). Accordingly, the statute of limitations commenced to run on February 11, 2015, unless subsections B, C or D of 28 U.S.C. § 2244(d)(1) apply in the present case. See 28 U.S.C. § 2244(d)(1)(A).

Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present case.  Petitioner does not allege, and this Court finds no indication, that any illegal state action prevented petitioner from filing the Petition sooner.

Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the present case.  Petitioner does not rely upon any constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Nor does petitioner assert that subsection D of 28 U.S.C. § 2244(d)(1) furnishes a later trigger date for the commencement of the statute of limitations. Under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts.  Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Section 2244(d)(1)(D) does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances.  Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012).  "[T]o have the factual predicate for a habeas petition based on ineffective assistance of

counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." Hasan, 254 F.3d at 1154 (9th Cir. 2001) (emphasis in original). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Here, as noted above, petitioner does not assert that he discovered, or through the exercise of diligence could not have discovered the factual predicates of any of his claims until after the date on which his conviction became final and the statute of limitations otherwise commenced to run. Indeed, petitioner challenges events which occurred/failed to occur during trial – events about which petitioner knew, or reasonably should have known no later than the date on which his conviction became final.

Accordingly, the statute of limitations on all of petitioner's claims commenced to run on February 11, 2015, and absent tolling, expired on February 10, 2016 – one day before petitioner constructively filed the instant federal Petition.

**B.   Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011).

Here, as noted above, petitioner did not file any state habeas petitions. Nor does the record reflect that he otherwise sought collateral review in the state courts. Accordingly, there is no basis to afford him statutory tolling.

### C. Equitable Tolling

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010) (citations omitted). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d at 1065. Petitioner must prove that the alleged extraordinary circumstance was a proximate cause of his untimeliness and that the extraordinary circumstance made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007).

Here, petitioner does not argue, let alone meet his burden to demonstrate that he is entitled to equitable tolling. Nor does the record suggest any basis to believe that petitioner is entitled to equitable tolling. Accordingly, equitable tolling does not render the Petition timely filed.

### D. Conclusion

As the statute of limitations on all of petitioner's claims commenced to run on February 11, 2015, and as petitioner is not entitled to any tolling, the statute of limitations expired on February 10, 2016 – one day before petitioner constructively filed the instant federal Petition.

///
///
///
///
///

6

## IV. ORDERS

IT IS THEREFORE ORDERED: (1) the Motion to Dismiss is granted; (2) the Petition and this action are dismissed with prejudice because all of petitioner's claims are time-barred; and (3) the Clerk shall enter Judgment accordingly.

DATED: October 13, 2016

                                                  /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE